*adidas Am., Inc. v. Thom Browne, Inc.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of May, two thousand twenty-four.

PRESENT:
> **GUIDO CALABRESI,**
> **BARRINGTON D. PARKER,**
> **MICHAEL H. PARK,**
> > *Circuit Judges.*

---

**adidas America, Inc., adidas AG,**

> *Plaintiffs-Appellants,*

> v.                                                         **23-166**

**Thom Browne, Inc.,**

> *Defendant-Appellee.\**

---

| | |
|---|---|
| **FOR PLAINTIFFS-APPELLANTS:** | R. CHARLES HENN JR., (Adam H. Charnes and K. Bradford Sears, *on the brief*), Kilpatrick, Townsend & Stockton, LLP, Atlanta, GA. |

---

\* The Clerk is directed to update the caption.

**FOR DEFENDANT-APPELLEE:** ROBERT T. MALDONADO, (John L. Welch and John L. Strand, *on the brief*) Wolf, Greenfield & Sacks, P.C., New York, NY; Harley I. Lewin, LewinConsult LLC, Portland, ME.

Appeal from a judgment of the United States District Court for the Southern District of New York (Rakoff, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants adidas America, Inc. and adidas AG ("adidas") sued Defendant-Appellee Thom Browne, Inc. ("Thom Browne") for trademark infringement and related claims. A jury returned a verdict for Thom Browne; adidas now appeals. We assume the parties' familiarity with the underlying facts, the procedural history of this case, and the issues on appeal.

**I.    Jury Instructions**

adidas argues the district court erred by giving a jury instruction as to the third *Polaroid* factor, *see Polaroid Corp v. Polarad Elecs. Corp.*, 287 F.2d 492, 495 (2d Cir. 1961), that did not reflect its theory of its case. The *Polaroid* factors are nonexclusive and guide a factfinder's determination of whether there is a likelihood of confusing the plaintiff's products for the defendant's—the pivotal inquiry in a case alleging trademark infringement. *See, e.g.*, *Car-Freshner Corp. v. Am. Covers, LLC*, 980 F.3d 314, 326-27 (2d Cir. 2020). adidas alleged that Thom Browne's products did not cause point-of-sale confusion, but initial-interest and post-sale confusion. *See Louis Vuitton Malletier v. Burlington Coat Factory Warehouse Corp.*, 426 F.3d 532, 537 n.2 (2d Cir. 2005); *Hermès Int'l v. Lederer de Paris Fifth Ave., Inc.*, 219 F.3d 104, 108-09 (2d Cir. 2000); *Lois Sportswear, U.S.A., Inc. v. Levi Strauss & Co.*, 799 F.2d 867, 872-73 (2d Cir. 1986). To reflect its initial-interest and post-sale theory, adidas sought to tell the jurors that:

[Y]ou should consider the competitive proximity of the parties' products. In other words, you should compare adidas's Three-Stripe Mark products with the Accused Products and consider how similar the products are, whether they are sold in the same or similar channels, and whether they are promoted through similar advertising media. Products that are similar, or that are sold or advertised in similar channels, are more likely to be confused than those used in connection with unrelated or non-proximate products.

App'x 305. The district court described that proposed instruction as "endless and confusing." *Id.* Instead, it instructed the jurors to consider "whether the accused products and adidas products compete for the same consumers." App'x 342.

We will affirm as long as the district court's charge, taken as a whole, reflects the law and evidence. Even then, we will order a new trial only if the appellant shows that an instructional error was prejudicial. *Woods v. START Treatment & Recovery Ctrs., Inc.*, 864 F.3d 158, 165 (2d Cir. 2017).

Here, adidas cannot show an error, let alone a prejudicial one, in the district court's charge. The district court instructed the jury multiple times to confine its inquiry to initial-interest and post-sale confusion. *See, e.g.*, App'x 341-42 ("As you heard, adidas does not contend that this confusion occurs at the point of sale of Thom Browne products, but rather either pre-sale (such as when consumers first see a product in stores, online, or on social media), or post-sale (as when consumers other than the Thom Browne customers see those customers wearing the accused products)."); *id*. at 343 ("Please remember that adidas is only claiming confusion at the pre-sale and post-sale points, and that its survey is limited to post-sale."). The differences between adidas's proposed instruction as to the third *Polaroid* factor and the instruction the district court gave are immaterial: adidas could not articulate a meaningful distinction between "competitive proximity" and "competition for the same consumers." Taken as a whole, the district court's charge appropriately reflected the law and evidence presented at trial.

3

**II. Evidentiary Objections**

adidas objects to the exclusion of testimony from one of its experts, William D'Arienzo. "We review the district court's decision to admit or exclude expert testimony for an abuse of discretion." *Fashion Boutique of Short Hills, Inc. v. Fendi USA, Inc.*, 314 F.3d 48, 59-60 (2d Cir. 2002).

D'Arienzo planned to testify as an expert on three topics. Before trial, the district court denied Thom Browne's motion to exclude his testimony in full but noted that "there are limits to his testimony." Thom Browne Supp. App'x 70. The district court directed adidas's counsel that "at a break shortly before he testifies, counsel should raise exactly what they, at that point in the case, seek to elicit from him." *Id.* When adidas called D'Arienzo, the district court invited adidas to make a proffer of D'Arienzo's testimony to assuage its concerns. App'x 229-34. adidas proffered D'Arienzo for one of the three topics discussed in his report: the "one thing that [it] wanted the jury to hear was [D'Arienzo's] testimony about how different executions can still [be] recognized from a branding device." App'x 242. After examining D'Arienzo, App'x 234-39, the district court found that the methodology he used to reach his conclusions—reviewing the opinions of "fashionistas on the web," App'x 236—was unreliable and thus excluded his testimony on that topic, App'x 239-43. *See* Fed. R. Evid. 702 & advisory committee's notes to 2000 amendment; *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 597 (1993); *see United States v. Dukagjini*, 326 F.3d 45, 54 (2d Cir. 2002) ("When an expert is no longer applying his extensive experience and a reliable methodology, *Daubert* teaches that the testimony should be excluded.").

On appeal, adidas challenges the district court's exclusion of D'Arienzo's testimony on another topic addressed in his report—how the lines between luxury and sportswear have blurred. But adidas declined the district court's invitation to make a proffer on that subject. adidas thus waived any objection that could arise from D'Arienzo's silence on that topic. *See, e.g., United*

4

*States v. Djibo*, 850 F. App'x 52, 57 (2d Cir. 2021) ("[T]he court expressed skepticism about whether the messages were admissible, reserved decision on the matter, and invited Djibo to propose messages for admission, which the court said it would consider on a case-by-case basis. . . . The court made no final ruling with respect to any of the other messages, which Djibo did not seek to admit at trial. Accordingly, there is no decision on the admissibility of those messages for us to review, let alone reverse.").

adidas also objects to the district court's admission of testimony by JoAnne Arbuckle, one of Thom Browne's experts. adidas argued that if D'Arienzo's methodology was unsound, Arbuckle's was too. App'x 278-79. The district court precluded Arbuckle from offering expert opinions but permitted her to testify on "the appearance of [adidas's] Three-Stripe Mark as an historical matter in numerous situations." App'x 284. And she did so. But she never testified as an expert, so adidas's objection that Arbuckle's testimony was within the ken of the average juror, *see*, *e.g.*, *United States v. Zhong*, 26 F.4th 536, 555 (2d Cir. 2022), misses the mark.

\* \* \*

We have considered adidas's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court